UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECTV, INC., </br></br>   Plaintiff, </br></br> v. </br></br> DAVID BARCZEWSKI, </br></br>   Defendant. | ) </br> ) </br> ) </br> ) </br> ) CASE NO. 1:03-cv-1930-DFH-WTL </br> ) </br> ) </br> ) </br> ) |

ENTRY ON PENDING MATTERS

This case is one of several parallel cases that were tried to a jury in 2004 as, in effect, test cases for use in managing and helping to settle more than 300 similar cases in this district. The jury found that defendant Barczewski had violated 47 U.S.C. § 605(a) and 605(e)(4) by buying, using and distributing four devices for intercepting and decrypting encrypted satellite signals. The issue of damages was left for later decision by the court, and the court deferred that issue and entry of judgment because of ongoing settlement efforts in the larger set of cases.

Defendant Barczewski has moved to dismiss for failure to prosecute on the theory that DirecTV did not press for a damages hearing or entry of judgment. DirecTV has responded by pointing out that the delay was intended to pursue settlement based on verdicts in the test cases.

Defendant's motion to dismiss is hereby denied. The delay in determining damages and entering judgment was the result of plaintiff's cooperation (and defense counsel's cooperation) in the court's effort to manage and settle several hundred similar cases. It would be a miscarriage of justice for the court to hold that delay against plaintiff. Also, defendant has not shown any prejudice resulting from the delay of entry of judgment for settlement negotiations.

Plaintiff has indicated it would be satisfied with the minimum statutory damages, which are $1,000 for each of the four violations of 47 U.S.C. § 605(a) and $10,000 for each of the four violations of 47 U.S.C. § 605(e)(4). Defendant has asserted there should be a further hearing and briefing on the issue of damages, including presentation of evidence on defendant's financial circumstances. Where the court awards the statutory minimum, however, there is no reason to hold a hearing. Also, the statutory exception to the statutory minimum, applicable where the defendant "was not aware and had no reason to believe that his acts constituted a violation of this section," 47 U.S.C. § 605(e)(3)(C)(iii), clearly does not apply. The evidence at trial showed that the defendant at the very least had ample reason to believe that his interceptions of encrypted signals and distribution of decrypting devices were unlawful acts.

Accordingly, the court will enter judgment in favor of plaintiff for $44,000, and plaintiff may also submit a petition for attorney fees and costs.

So ordered.

Date:  March 27, 2006

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert S. Apgood
CARPELAW PLLC
rob@carpelaw.com

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Spencer D. Freeman
YARMUTH WILSDON CALFO PLLC
sfreeman@yarmuth.com

Scott Kirby Murch
LATORRACA & GOETTSCH
smurch@landglaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

John F. Prescott Jr
ICE MILLER LLP
john.prescott@icemiller.com

Michael A. Swift
ICE MILLER LLP
michael.swift@icemiller.com

Michael A. Wilkins
ICE MILLER LLP
wilkins@icemiller.com